UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAWN MICHAEL HUSZAR, | ) | 1:07-cv-01685-AWI-SMS-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS TO DENY REQUEST FOR INJUNCTIVE |
| vs. | ) ) | RELIEF |
| STATE OF CALIFORNIA, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |
| Defendants. | ) ) ) | |

Plaintiff Shawn Michael Huszar ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 21, 2007. In his complaint, plaintiff seeks "immediate injunctive relief" by a court order for his transfer from Pleasant Valley State Prison, which he alleges is unable to provide adequate care for his physical and psychological needs. Plaintiff requests immediate medical care and alleges he lives with an "unacceptably high risk of death" due to his medical and psychological condition.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the

merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is not yet an actual case or controversy before the court. Plaintiff has not yet paid the filing fee in full or file a completed application to proceed in forma pauperis. As such, plaintiff is not yet entitled to proceed forward with his action. In addition, once plaintiff either pays the filing fee or files a completed application to proceed in forma pauperis, plaintiff will not be entitled to proceed until the court screens his complaint and makes a finding that it states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 28, 2007**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE