1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10  SHAWN MICHAEL HUSZAR,            )        1:07-cv-01685-AWI-SMS-PC
                                     )
11          Plaintiff,               )        ORDER DISMISSING COMPLAINT
                                     )        FOR FAILURE TO STATE A CLAIM,
12      vs.                          )        WITH LEAVE TO AMEND WITHIN
                                     )        THIRTY DAYS
13  STATE OF CALIFORNIA, et al.,     )
                                     )        ORDER VACATING FINDINGS AND
14          Defendants.              )        R E C O M M E N D A T I O N S   O F
                                     )        NOVEMBER 29, 2007
15                                   )        (Doc. 6.)
                                     )
16                                   )        ORDER FOR CLERK TO SEND § 1983
                                     )        COMPLAINT FORM TO PLAINTIFF
17                                   )
                                     )        THIRTY DAY DEADLINE TO FILE
18  _____ )        FIRST AMENDED COMPLAINT

19

20          Plaintiff, Shawn Michael Huszar ("plaintiff"), is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

22  I.      RELEVANT PROCEDURAL HISTORY

23          On November 21, 2007, plaintiff filed the complaint that commenced this action. (Doc. 1.)  As

24  part of the relief sought in the complaint, plaintiff requested immediate injunctive relief through a court

25  order transferring him to a local medical facility for treatment of his medical and psychological

26  conditions.  Id.  On November 29, 2007, the court issued findings and recommendations to deny

27  plaintiff's motion for injunctive relief, with leave to file objections, if any, within thirty days. (Doc. 6.)

28                                              1

1   More than thirty days have passed, and plaintiff has not filed objections or otherwise responded to the

2   findings and recommendations.

3   **II.      SCREENING REQUIREMENT**

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court

6   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

7   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

8   from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

9   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

10  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

11  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

12         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

13  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

14  claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

15  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

16  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must

17  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

18  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

19  all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20  **III.     SUMMARY OF COMPLAINT**

21         Plaintiff is a state prisoner currently incarcerated at the California Medical Facility ("CMF") in

22  Vacaville, California. The events at issue allegedly occurred at Pleasant Valley State Prison ("PVSP")

23  while plaintiff was incarcerated there. Plaintiff names as defendants the State of California, Yates

24  (Warden of PVSP), J. Ahlin (Associate Warden of PVSP), Dr. Igbinosa (Chief Medical Officer), Dr. B.

25  Phi, M.D., and Lieutenant A. Shimmin (Medical Appeals Coordinator).

26         Plaintiff's complaint mainly alleges that the State of California and other agents of the California

27  Department of Corrections ("CDC") and PVSP denied him adequate medical and psychiatric care.

28                                                2

Plaintiff alleges that on May 5, 2007, he made a request via CDC Form 1824 for medical treatment and other accommodations, including  mental health care, immediate transfer to another CDC facility able to provide appropriate care, a neurological consultation, and cessation of discrimination.  Plaintiff alleges that his request was granted but no action was taken for 193 days.  Plaintiff claims he suffers pain, suicidal depression, and risk of serious injury or death.  Plaintiff seeks as relief compensatory damages and immediate enforcement of the promises made by the State of California in granting his request.

## IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### A.    Injunctive Relief

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  The events at issue in this action allegedly occurred at PVSP in Coalinga, and plaintiff is no longer housed at PVSP.  Therefore, plaintiff is not entitled to injunctive relief, and his claims for such

1  relief shall be dismissed.

2  In light of this ruling, the court's findings and recommendations to deny plaintiff's motion for

3  injunctive relief, entered on November 29, 2007, shall be vacated.

4  **B.     Defendant State of California**

5  Plaintiff has named the State of California as a defendant.  The Eleventh Amendment prohibits

6  federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs

7  Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla.

8  v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,

9  506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Therefore,

10  plaintiff may not sustain an action against the State of California, and this defendant must be dismissed.

11  **C.     Supervisory Liability**

12  Supervisory personnel are generally not liable under section 1983 for the actions of their

13  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

14  supervisorial position, the causal link between him and the claimed constitutional violation must be

15  specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589

16  F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under

17  section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would

18  support a claim that supervisory defendants either: personally participated in the alleged deprivation of

19  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

20  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is

21  'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)

22  (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal

23  pleading standards are broad, some facts must be alleged to support claims under section 1983.  See

24  Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

25  Plaintiff has not alleged any facts indicating that supervisory defendants personally participated

26  in the alleged deprivation of his constitutional rights; knew of the violations and failed to act to prevent

27  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

28

1  constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen</u> 885 F.2d at 646.

2  Therefore, plaintiff's complaint fails to state a claim against any of the defendants on the basis of

3  supervisory liability.

4      **D.**    **<u>Defendants Yates, Ahlin, Igbiosa and Shimmin</u>**

5          ***Linkage Requirement***

6        Section 1983 plainly requires that there be an actual connection or link between the actions of

7  the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell</u>, 436 U.S. 658;

8  <u>Rizzo</u>, 423 U.S. 362.  "A person deprives another of a constitutional right, where that person 'does an

9  affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person]

10  is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>,

11  500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson</u>, 588 F.2d at 743).  "[T]he 'requisite causal

12  connection can be established not only by some kind of direct, personal participation in the deprivation,

13  but also by setting in motion a series of acts by others which the actor knows or reasonably should know

14  would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> 588 F.2d at 743-44).

15        Plaintiff fails to link defendants Yates, Ahlin, Igbinosa, or Shimmin with any affirmative act or

16  omission.  Therefore, these defendants must be dismissed.

17      **E.**    **<u>Medical Care</u>**

18        Plaintiff alleges violations of his rights to adequate medical and psychological care.  To

19  constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must

20  involve "the wanton and unnecessary infliction of pain."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347

21  (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

22  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

23  measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

24  so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732,

25  744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner

26  unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v.</u>

27  <u>Brennan</u>, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials

28                          5

1   deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison

2   physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

3   on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where

4   a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in

5   order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin,

6   974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

7   1985)).

8          Plaintiff had not alleged facts showing that any of the defendants knew of and disregarded an

9   excessive risk to his health or safety.  Therefore, plaintiff fails to state a cognizable claim for violations

10   of his Eighth Amendment rights to adequate medical care against any of the defendants.

11       **F.**     **Discrimination**

12          The Equal Protection Clause requires that persons who are similarly situated be treated alike.

13   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim

14   may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that

15   the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected

16   class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal

17   protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's

18   membership in a suspect class, such as race.   Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th

19   Cir. 2005).

20          If the action in question does not involve a suspect classification, a plaintiff may establish an

21   equal protection claim by showing that similarly situated individuals were intentionally treated

22   differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.

23   Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw

24   Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings,

25   Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory,

26   a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was

27   intentionally treated differently from others similarly situated; and (3) there is no rational basis for the

28                                          6

1    difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.   If an equal protection claim is based

2    upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective

3    enforcement is based upon an "impermissible motive." <u>Squaw Valley Development Company</u>, 375 F.3d

4    at 944; <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir.1995).

5         Plaintiff alleges that defendants discriminated against him.  However, plaintiff fails to allege facts

6    showing any of the defendants intentionally discriminated against him on the basis of his membership

7    in a protected class or intentionally treated similarly situated individuals differently without a rational

8    relationship to a legitimate state purpose.  Therefore, plaintiff fails to establish a claim for discrimination

9    under the Equal Protection Clause against any of the defendants.

10   **V.     CONCLUSION AND ORDER**

11        Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983

12   because plaintiff has not adequately linked the alleged constitutional violation to actions or omissions

13   of named defendants.  The court will provide plaintiff with the opportunity to file an amended complaint

14   curing the deficiencies identified by the court in this order.

15        Plaintiff is informed he must demonstrate in his amended complaint how the conditions

16   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625

17   F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named

18   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

19   link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo</u>, 423 U.S. at 362;

20   <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.

21        Plaintiff is reminded that liability may not be imposed under section 1983 on supervisory

22   personnel for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named

23   defendant holds a supervisorial position, the causal link between the defendant and the claimed

24   constitutional violation must be specifically alleged.  See <u>Fayle</u>, 607 F.2d at 862; <u>Mosher</u>, 589 F.2d at

25   441, <u>cert. denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory

26   liability, plaintiff must allege some facts indicating that the defendant either: personally participated in

27   the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;

28                                                    7

1  or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

2  constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen</u>, 885 F.2d at 646

3  (internal citations omitted); <u>Taylor</u>, 880 F.2d at 1045.

4        Finally, plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth</u>

5  <u>v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.

6  1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule

7  15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not

8  alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers &</u>

9  <u>Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

10        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

11      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

12      2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

13      3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

14          amended complaint;

15      4.    Plaintiff shall entitle the amended complaint boldly and clearly "First Amended

16          Complaint" and shall refer to the case number 1:07-cv-01685-AWI-SMS-PC;

17      5.    The Findings and Recommendations entered on November 29, 2007, are vacated;

18      6.    If plaintiff fails to file an amended complaint in compliance with this order, the court will

19          recommend that this action be dismissed for failure to state a claim.

20  IT IS SO ORDERED.

21  **Dated:   April 3, 2008**          **/s/ Sandra M. Snyder**
                            UNITED STATES MAGISTRATE JUDGE